**Roy JOHNSON, Plaintiff-Appellant,**

**v.**

**Caspar W. WEINBERGER, Secretary, United States Department of Health, Education and Welfare, Defendant-Appellee.**

**No. 73-2576**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1973.

Daniel E. Broussard, Jr., Alexandria, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., R. Perry Pringle, R. H. Shemwell, Asst. U. S. Attys., Shreveport, La., John M. Stokes, Jr., Charles B. Rose, Dept. of H. E. W., Dallas, Tex., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Roy Johnson appeals from the district court's dismissal of his complaint seeking review [1] of the Secretary of HEW's

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. 42 U.S.C. § 405(g) provides in pertinent part:

(g) Any individual, after final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business . . . .

final decision denying him disability insurance benefits under 42 U.S.C. 416(i) and 426. Johnson contends (1) that the Secretary's determination is not supported by the evidence and (2) that the second hearing examiner's incorporation by reference of the first examiner's findings was a denial of Johnson's due process rights. We affirm.

Johnson's request for disability benefits was initially rejected by the Bureau of Disability Insurance of the Social Security Administration. He was then accorded a hearing before a hearing examiner who found upon considerable medical evidence that Johnson was not disabled within the meaning of the statute and thus was not entitled to the benefits provided. On its review, the Appeals Council found the evidence insufficient to support this determination and vacated and remanded with directions to obtain the testimony of a vocational expert and to permit development of additional evidence as to what types of work Johnson was capable of doing in view of his physical limitations. A second hearing examiner, after considering testimony of a vocational expert, and additional testimony presented by Johnson again found that he was not entitled to disability benefits. This became the final decision of the Secretary.

We affirm the district court's determination that the Secretary's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971). Johnson's due process contention asserts that the second hearing examiner did not independently consider the transcript of the first hearing but merely recited that those proceedings were incorporated by reference and really relied solely on the findings made by the first hearing examiner. It is asserted that this action was a denial of Johnson's due process rights. In the context of this case the contention is without merit. The Appeals Council's remand was a limited one —limited to the taking of additional testimony which was to be cumulative to the testimony presented at the first hearing. Pursuant to the Council's directions and in accordance with 20 C. F.R. 404.950 the second hearing examiner heard additional testimony, incorporated the findings of the first hearing and rendered his decision. In light of the Council's circumscribing directions and considering the supplementary nature of the evidence taken on remand, the second hearing examiner could properly rely on the findings of the first hearing examiner who heard the conflicting medical testimony adduced at the first hearing and was in a better position to determine the credibility of those witnesses.

Affirmed.